CHRISTIAN A. BENTSEN, Respondent, v. JAMES A. O'BOYLE, Appellant.

Negligence — master and servant — ships and shipping — obstruction on deck of barge causing plaintiff to step on ice-covered pump box — no inference of negligence on part of owner.

Negligence on the part of the owner of a barge may not be inferred from the location of a small pump box upon the deck and in the obstruction of a space between the pump box and the coaming surrounding the cargo space, thus closing a narrow passageway through which the plaintiff, who was at work upon the barge, might otherwise have walked in the performance of his duty, as a result of which the plaintiff stepped upon the pump box, which was coated with ice, in making his way forward, slipped and fell, receiving injuries.

Bentsen v. O'Boyle, 220 App. Div. 755, reversed.

(Argued December 6, 1927; decided January 10, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1927, affirming a judgment in favor of plaintiff entered upon a verdict.

Theodore H. Lord and James B. Henney for appellant. The accident was not due to the defendant's negligence, and the complaint should be dismissed. (White v. Lehigh Valley R. R. Co., 220 N. Y. 131.)

Silas B. Axtell and Charles A. Ellis for respondent. The evidence established that the deck of the barge was rendered an unsafe place in which to work and unseaworthy, owing to the location of the starboard pump box and the arrangement of the hatch covers between the pump box and the hatch coaming in such manner as to leave an insufficient walkway for plaintiff to pursue his work and constituted a failure to provide a fair and

adequate walkway, making it unsafe for plaintiff to pursue his work, even in the exercise of ordinary care. It was the duty of the employer to use reasonable diligence to furnish his servants a safe place to work. (*The Kingshorn,* 297 Fed. Rep. 621; *Atlantic Transport Co.* v. *Szezeck,* 234 U. S. 52; *B. & O. R. R. Co.* v. *Baugh,* 149 U. S. 386.)

*Per Curiam.* The jury were permitted to find a verdict for the plaintiff based upon the alleged negligence of the defendant. This negligence, it was claimed, consisted in the location of a small pump box upon the deck of a barge owned by the defendant and in the obstruction of a space between the pump box and the coaming surrounding the cargo space, thus closing a narrow passageway through which the plaintiff, who was at work upon the barge, might otherwise have walked in the performance of his duty. As a result the plaintiff walking from the rear of the barge towards the bow, stepped upon the pump box in making his way forward. The top of the box was coated with ice. Upon this the plaintiff slipped and fell, receiving somewhat serious injuries.

We hold that these circumstances do not permit the jury to infer negligence on the part of the owner of the barge.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.